

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# Soekarjan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Soekarjan v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1015.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1015

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2101
_____

FNU SOEKARJAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A96-203-398)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed June 17, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Soekarjan petitions for review of an order of the Board of Immigration Appeals

("BIA") affirming the Immigration Judge's ("IJ") final order of removal.  For the reasons

that follow, we will deny his petition.

Soekarjan is a native and citizen of Indonesia and identifies himself as an ethnic Manado and a member of the Christian faith. He entered the United States as a non-immigrant visitor on March 10, 2001 and overstayed his visa. He was issued a Notice to Appear on April 15, 2003, and on October 8, 2003, when appearing before the IJ, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The IJ denied all relief save Soekarjan's request for voluntary departure, holding that his asylum application was time-barred and that he could not satisfy the standard for withholding of removal or CAT relief. The BIA affirmed the IJ's decision and dismissed the appeal, agreeing that Soekarjan had not demonstrated the existence of extraordinary circumstances sufficient to excuse his delay in filing for asylum, that he had failed to establish past persecution or a clear probability of future persecution or that there was a pattern or practice of persecution directed against Christians in Indonesia, and that he failed to show that he would more likely than not be tortured in Indonesia. Through counsel, Soekarjan filed a petition for review. The Government opposes the petition.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. We review the BIA's factual findings for "substantial evidence." See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, we will uphold these findings unless the evidence not only supports a contrary conclusion, but compels it. See id.

While we generally lack jurisdiction to review the determination that an asylum application was not filed within the one-year limitations period and that such period was

2

not tolled by extraordinary circumstances, see Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003); 8 U.S.C. § 1158(a)(3), we have noted that, pursuant to the REAL ID Act of 2005, we retain jurisdiction over "'constitutional claims or questions of law raised upon a petition for review . . . .'" Jarbough v. Attorney General, 483 F.3d 184, 188 (3d Cir. 2007) (quoting 8 U.S.C. § 1252(a)(2)(D)). However, because Soekarjan failed to challenge the IJ's determination that his asylum claim was time-barred in his petition for review, any such claim he might have had is deemed waived. See Vente v. Gonzales, 415 F.3d 296, 299 n.3 (3d Cir. 2005).

To be entitled to withholding of removal to a specific country, an applicant must prove that it is more likely than not that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). In the event that the applicant cannot demonstrate past persecution or a likelihood of future individualized persecution, he may still be eligible for withholding of removal by demonstrating "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground. See 8 C.F.R. § 208.16(b)(2). For relief under the CAT, an applicant must demonstrate that it is more likely than not that he would be tortured if removed to his country of origin. See 8 C.F.R. § 208.16(c)(2).

With respect to Soekarjan's withholding of removal claim, we agree that he did not demonstrate past persecution or that he would more likely than not suffer future

3

persecution if returned to Indonesia. In support of his application, Soekarjan testified that while he and his wife were on their way to church one day in 1999, they saw two trucks full of Muslims carrying sticks and shouting insults and epithets about Christians. They decided not to go to church that day because they thought they would be threatened or beaten by the Muslims. Then, in 2000, they were holding a fellowship prayer meeting at their home when rocks were thrown through their windows. Soekarjan testified that there was some broken glass, some of their visitors were injured, and his mother-in-law suffered a heart attack from the shock of the attack and died approximately one week later. He indicated that he did not know for certain who threw the rocks at his house but that he was "convinced that Muslims threw the rocks . . . [because] the Muslims who live around the area dislike our presence." (A.R. 107.)

The IJ found that, while his testimony was credible, the incidents related by Soekarjan were not sufficiently severe and extreme to constitute past persecution, and that there was no evidence in the record to suggest that Soekarjan might be singled out for future persecution if he and his wife were to return to Indonesia. The IJ further concluded that the case law in this Circuit is that there is no pattern and practice of persecution of Christians in Indonesia, see Lie v. Ashcroft, 396 F.3d 530, 537-38 (3d Cir. 2005); In re A-M, 23 I. & N. Dec. 737, 741 (BIA 2005), and that Soekarjan had not offered any proof to call those holdings into question. Finally, the IJ concluded that Soekarjan had not shown that he is more than likely to be tortured upon his return to Indonesia, and therefore was not entitled to relief under the CAT. See Lukwago v.

4

Ashcroft, 329 F.3d 157, 183 (3d Cir. 2003).

As we cannot conclude that the evidence compels a contrary conclusion, we will deny the petition for review.